UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LETVIN and
KEITH PHILLIPS,

    Plaintiffs,                                          Case No. 13-12015

v.                                                  Paul D. Borman
                                                      United States District Court

JACK LEW AND
SHAUN DONOVAN,

    Defendants.

_____/

**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION**

On June 24, 2014, the Court issued an Opinion and Order granting Defendant Flagstar Bank, FSB and Bank of America, NA's Motions to Dismiss. (Dkt. No. 37). That same day, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute as to the remaining Defendants, United States Treasury Secretary Jack Lew and United States Housing Secretary Shaun Donovan. (Dkt. No. 38). The Court notes that this action was filed on May 6, 2013 and summons were issued for Defendant Donovan and Defendant Lew on May 7, 2013. (Dkt. Nos. 1, 3, 5). Pursuant to the Federal Rules of Civil Procedure a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, more than one year has passed since this action was filed and Plaintiffs have failed to serve Defendants Donovan and Lew.

On July 9, 2014, Plaintiffs responded to the Order to Show Cause representing that "upon review of the record in this case it appears that the government defendants were never properly served." (Dkt. No. 39 at ¶ 3). Plaintiffs' counsel then explained that after filing this action he

"had been working with counsel for Defendant Banks regarding service, which counsel agreed to accept. Subsequently, Defendants Banks filed Rule 12(b)(6) Motions." (*Id*.). Plaintiffs' counsel also noted that he was dealing with personal issues in 2013 and because of those personal issues he "did not realize that the government defendants were never properly served." (*Id*. at ¶ 4). Plaintiffs also request that the Court reissue the summons such that they can "avoid the cost of having to refile this case". (*Id*. ¶ 5).

FED. R. CIV. P. 4(m) states that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice unless the party can show good cause. *See also* E.D. MICH. L.R. 41.2 (stating a court can dismiss an action when the "parties have taken no action for a reasonable time" unless "good cause is shown."). Here, Plaintiffs have failed to show good cause for their failure to prosecute Defendants Donovan and Lew. Indeed, Plaintiffs' representation that the failure to serve Defendants Donovan and Lew was only recently discovered in response to the Court's Order to Show Cause is disingenuous at best. The Court notes that Plaintiffs' Joint Response to Defendant Banks' Motions to Dismiss was filed on January 12, 2014 and explicitly recognized that Defendants Lew and Donovan were not served in the heading on page 25, "Constitutional Issues are Applicable to the Banks Even without the Government Agencies being Served". (*See* Dkt. No. 32 at 25). Plaintiffs' attorney further recognized this failure by stating on the record during the May 15, 2014 oral argument that these Defendants were not served.

Therefore, it is clear that Plaintiffs were aware at least as early as January, 2014 (some six months prior to the Show Cause Order) that Defendants Lew and Donovan had not been served. Plaintiffs have offered no valid explanation why they did not move this Court to reissue

the summons for Defendants Lew or Donovan in the intervening six months since they ostensibly became aware of this failure.

For all these reasons, the Court finds that Plaintiffs have failed set forth good cause to excuse their failure to prosecute Defendants Lew and Donovan and therefore, this Court DISMISSES this action WITHOUT PREJUDICE.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 14, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2014.

s/Deborah Tofil
Case Manager