UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LETVIN and
KEITH PHILLIPS,

    Plaintiffs,                                  Case No. 13-12015

v.                                                  Paul D. Borman
                                                      United States District Court

JACK LEW, SHAUN DONOVAN,
FLAGSTAR BANK, FSB, AND
BANK OF AMERICA, NA,

    Defendants.

_____/

OPINION AND ORDER
DENYING PLAINTIFFS' JOINT MOTION TO ALTER, AMEND AND/OR FOR OTHER
RELIEF FROM THE JUNE 24, 2014 OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND THE COURT'S JULY 14, 2014
ORDER DISMISSING THE CASE AND BRIEF IN SUPPORT (ECF No. 42)

On June 24, 2014, this Court issued an Opinion and Order granting both Defendant Flagstar Bank, FSB's ("Flagstar") and Bank of America, NA's ("BANA") (collectively, the "Defendant Banks") Motions to Dismiss.  (ECF No. 37, Opinion and Order).  Then, on July 14, 2014, the Court issued an Order dismissing without prejudice the remaining Defendants, United States Treasury Secretary Jack Lew and United States Housing Secretary Shaun Donovan (collectively, the "Government Defendants"), for lack of prosecution.  (ECF No. 40, Order).

On July 22, 2014, Plaintiffs Michael Letvin and Keith Phillips filed a "Joint Motion to Alter, Amend, and/or for other relief from the June 24, 2014 Opinion and Order Granting Defendants' Motion[s] to Dismiss Plaintiffs' Complaint and the Court's July 14, 2014 Order Dismissing the Case".  (ECF No. 42).  Plaintiffs request that the Court (1) set aside its order

granting the Defendant Banks' motions to dismiss, (2) supplement its June 24, 2014 Opinion and Order with an interpretation of certain statutory language; and (3) extend the summons and allow Plaintiffs to serve the Government Defendants.  (Pls.' Br. 10-11).

As an initial matter, it appears from Plaintiffs' motion that they are seeking to "alter or amend" the Court's June 24, 2014 Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e).[1]  (Pls.' Br. at 3).  Plaintiffs also appear to be seeking reconsideration of the Court's July 14, 2014 Order which dismissed the Government Defendants without prejudice for failure to prosecute pursuant to E.D. Mich. Local Rule 7.1(h).  (*Id.*.).  The Court shall deal with each motion in turn.

    A.    Motion to Alter or Amend the June 14, 2014 Opinion and Order

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. In'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties

---

[1] To the extent Plaintiffs' current motion could be construed as seeking reconsideration of the June 24, 2014 Opinion and Order pursuant to Eastern District of Michigan Local Rule 7.1(h) such a request is denied as untimely.  Local Rule 7.1(h) explicitly provides that a "motion for reconsideration must be filed within 14 days after entry of the judgment or order".  E.D. Mich. L.R. 7.1(h)(1).  Here, Plaintiffs' current motion was filed 28 days after the Court issued the Opinion and Order at issue making it a timely request to alter or amend under Fed. R. Civ. P. 59(e) but an untimely request for reconsideration under Local Rule 7.1(h).  *See* FED. R. CIV. P. 59(e) (stating that such a motion must be filed "no later than 28 days after the entry of the judgment").  However, it appears that Plaintiffs are also requesting the Court reconsider its July 14, 2014 Order dismissing without prejudice the Government Defendants.  Plaintiffs' request for reconsideration of this Order is timely under Local Rule 7.1(h) and the Court will therefore address this request separately.

and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation omitted). The Sixth Circuit has "repeatedly" held that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment" and that while Rule 59(e) allows "for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Id.* (citation omitted); *see also White v. JP Morgan Chase Bank, NA*, 521 F. App'x 425, 430 (6th Cir. 2013) (citing the same and explaining that a Rule 59(e) "motion does not permit a litigant to re-argue a case or present new arguments that could have been raised prior to judgment.").

In the instant case, Plaintiffs regurgitate the same arguments and case law set forth in their previous response to the Defendant Banks' motions to dismiss. Indeed, Plaintiffs do not set forth any new evidence nor do they claim that there has been an intervening change in law since the motions to dismiss were granted. Plaintiffs also do not appear to argue that the June 24, 2014 Opinion and Order must be amended or altered to prevent a "manifest injustice". Rather, it appears that Plaintiffs' sole argument is simply that the Court erred in failing to "provide an interpretation" of the "fairly and in good faith" language set forth in MICH. COMP. LAW § 600.3228 when it rejected Plaintiffs' "full credit bid" theory. (*See* ECF No. 37 at 13-15, 19).

Plaintiffs' current argument is without merit. The Court set forth a reasoned analysis rejecting Plaintiffs' theory that lending institutions' practice of purchasing homes in foreclosure for the amount of indebtedness owed by the property owner (a "full credit bid") rather than paying the (ostensibly) lower market value of the foreclosed property violates MICH. COMP. LAW § 600.3228 and could constitute the basis for 42 U.S.C. § 1983 claim, or be considered evidence of "fraud or irregularity" such that a foreclosure sale should be set aside. Plaintiffs' claims that

3

the Court erred are premised on nothing more than Plaintiffs' recycled argument that a full credit bid violates Michigan law and is not a purchase made in "good faith". Therefore, the Court finds Plaintiffs are merely rehashing the same arguments this Court already rejected and their requests to set aside the June 24, 2014 Opinion and Order or to amend the Opinion and Order to include the requested definition are denied.

      B.      Motion for Reconsideration of July 14, 2014 Judgment

Plaintiffs also appear to seek reconsideration of the Court's July 14, 2014 Order dismissing the remaining Government Defendants for failure to prosecute. Plaintiffs' motion for reconsideration of this Order is timely brought pursuant to E.D.Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011) (setting forth same standard). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003); *see also Indah*, 661 F.3d at 924 ("The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration.").

In its July 14, 2014 Order, the Court found that Plaintiffs failed to show any "good

cause" as to why they had failed to serve the Government Defendants in the year since this action was filed.  Plaintiffs now ask the Court to revisit this issue but still fail to offer any "good cause" to explain the failure to serve the Government Defendants in a reasonable time.  Plaintiffs now argue that the Court should reissue the summons for the Government Defendants because otherwise the Plaintiffs will be forced into filing a new action against the Government Defendants while also pursuing an appeal against the Defendant Banks.  The Court finds that this reason does not constitute a palpable error but rather a foreseeable consequence of failing to prosecute the Government Defendants for more than a year.  Accordingly, the Court denies Plaintiffs' request for reconsideration of its July 14, 2014 Order.

For all these reasons, the Court DENIES Plaintiffs' Joint Motion to Alter, Amend and/or For Other Relief from the June 24, 2014 Opinion and Order Granting Defendants' Motion[s] to Dismiss Plaintiffs' Complaint and the Court's July 14, 2014 Order Dismissing the Case and Brief in Support (ECF No. 42).

SO ORDERED.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 6, 2014.

        s/Deborah Tofil  
        Case Manager